UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMAL ALI,<br>    Petitioner,<br><br>v.<br><br>PATRICIA THOMPSON,<br>*SUPERINTENDENT, STATE CORRECTIONAL INSTITUTION AT ALBION*, DISTRICT ATTORNEY COUNTY OF PHILADELPHIA, and ATTORNEY GENERAL STATE OF PENNSYLVANIA,<br>    Respondents. | No. 2:19-cv-4339 |

# O R D E R

**AND NOW,** this 16th day of May, 2024, after *de novo* review of the petition for writ of habeas corpus, ECF No. 1, and after review of the Report and Recommendation of United States Magistrate Judge Elizabeth T. Hey, ECF No. 34, and Petitioner's objections thereto, ECF No. 35,

**IT IS ORDERED THAT:**

    1.    The Report and Recommendation, ECF No. 34, is **APPROVED and ADOPTED**.

    2.    The objections, ECF No. 35, to the Report and Recommendation are **OVERRULED**.[1]

---

[1] When objections to a report and recommendation have been filed, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989); *Goney v. Clark*, 749 F.2d 5, 6-7 (3d Cir. 1984). The "court may accept, reject, or modify, in whole or in part, the findings and recommendations" contained in the report. 28 U.S.C. § 636(b)(1)(C). "District Courts, however, are not required to make any separate findings or conclusions when reviewing a Magistrate Judge's recommendation de novo

2. The petition for writ of habeas corpus, ECF No. 1, is **DENIED**.

3. A certificate of appealability is issued with respect to Petitioner's *Faretta* claim.[2]

4. This case is **CLOSED**.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge

---

under 28 U.S.C. § 636(b)." *Hill v. Barnacle*, No. 15-3815, 2016 U.S. App. LEXIS 12370, at *16-17 (3d Cir. 2016).

[2] As explained in Judge Hey's Report and Recommendation, reasonable jurists could find the Court's interpretation of *Faretta v. California,* 422 U.S. 806, (1975)*,* debatable, specifically as to whether the holding of *Faretta* extends to mid-trial requests for self-representation and whether the failure to extend the holding to this context constitutes an unreasonable application of "clearly established" federal law. *See* R&R, ECF No. 34, at 15. This Court agrees with Judge Hey that *Faretta* does not clearly establish whether a mid-trial request for self-representation is "timely," or to what extent the *Faretta* colloquy should be conducted regardless of the timeliness of the request or in light of a trial court's finding that the request was made to disrupt or delay trial. *See id*. at 13-15. Nonetheless, Petitioner has made a substantial showing of the denial of his constitutional right to self-representation, and it is appropriate to issue a certificate of appealability on the *Faretta* issue in this case. *See Tomlin v. Britton*, 448 F. App'x 224, 227 (3d Cir. 2011) (citing 28 U.S.C. § 2253(c)) (holding that a certificate of appealability should only be issued "if the petitioner 'has made a substantial showing of the denial of a constitutional right'"); *see also Slack v. McDaniel*, 529 U.S. 473, 484 (2000) ("Where a district court has rejected the constitutional claims on the merits, . . . the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.").